### FRANKENSTEIN v URBAN et

Ohio Appeals, 1st Dist, Hamilton Co

No 4101.  Decided June 13, 1932

Eli. G. Frankenstein, Cincinnati, for plaintiff.

Robert N. Gorman, Cincinnati, Leonard H. Freiberg, Cincinnati, and Wm. K. Divers for defendants.

Allen C. Roudebush, Cincinnati, Amicus Curiae.

CUSHING, J, concurs.

ROSS, PJ, concurring:

I concur in the conclusions of the opinion of the court as well as the general premise upon which the opinion is based.

The opinion quotes an allegation of the petition, stating that "there is no evidence whatever to support the material allegations" quoted.

The evidence presented to the court was in the form of the record below and exhibits. A careful examination of these fails to show any impending act which could be the subject of injunction. There is no evidence of threatened payment of county funds or a contract, pending or to be executed. The only hint of anything calling for the intervention of a court of equity is, that because county funds have been spent as indicated, they will be similarly spent in the future.

The transcript of the evidence indicates

that the trial in the Common Pleas Court was continued a number of times for further evidence, that the case was reopened by the court after both sides had rested. Counsel have had ample opportunity to examine at their leisure the record of the evidence submitted to this court. That the evidence presented contains no proof of the very matter upon which the equity jurisdiction of the court depends must be considered more than a technical omission. The presence of such proof is necessary before the court can proceed to consider and pass upon the other questions in the case. Anything the court might say upon such questions would be mere obiter.

The record contains no evidence that "the defendants threaten to continue to place advertisements in the so called newspapers aforesaid and will unless restrained carry out their threats, both as to payment for advertising heretofore placed in said publications and to insert and pay for advertising in the future."